United States District Court
Eastern District of New York

------------------------------------X

YVETTE ROMA,

      *Plaintiff*,                        **ORDER**

         - against -             No. 23-cv-4072 (KAM)

DAVID CARMILI, PHYSICIAN, P.C.,
DAVID CARMILI,

      *Defendants*.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

Pending before the Court is a motion for attorney's fees and costs filed by plaintiff Yvette Roma ("Plaintiff") following Plaintiff's acceptance of Defendants' offer of judgment pursuant to Federal Rule of Civil Procedure 68 to resolve her employment-related claims against her previous employer, David Carmili, Physician, P.C., and its principal David Carmili (together "Defendants"). (*See* ECF No. 61.[1]) Plaintiff's acceptance of Defendants' offer of judgment resolved all of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for a judgment amount of $30,818, exclusive of fees and costs.[2] (ECF No. 58.) The Clerk of Court entered a final judgment

---

[1] Pincites herein refer to the page numbers in the banner generated by CM/ECF.

[2] Acceptances of offers of judgment under Rule 68(a) are not subject to judicial review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir.

in the amount of $30,818 as to Plaintiff's claims on June 30, 2025. (ECF No. 60.)

The only remaining issue in this action is determination of a reasonable fees and costs award to Plaintiff's counsel.[3]  This order is therefore limited to the scope of issues necessary to resolve the instant motion, and the Court assumes familiarity with the background of this action.[4]  For the reasons explained below, the Court GRANTS Plaintiff's counsel fees in the amount of $17,669.60 and costs in the amount of $2,356.85.

## LEGAL STANDARDS

The Supreme Court has instructed that, in the interest of judicial economy, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826 (2011).  "[The] trial court has wide discretion," and "[t]he determination of fees should not result in a second major litigation."  *Id*. (internal quotations omitted); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (noting district courts' discretion in awarding fees).

---

2015).  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 412 (2d Cir. 2019) ("*Cheeks* should not be extended to apply to Rule 68(a) offers of judgment.")

[3] "Both the FLSA and [NYLL] allow for an award of reasonable attorney's fees." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (internal quotations omitted).  Defendants do not dispute the Court's authority to grant fees and costs to Plaintiff's counsel.

[4] The Court's December 18, 2024 Memorandum and Order granting in part and denying in part Defendants' motion to dismiss reviews at length the background of this action.  *See Roma v. David Carmili, Physician, P.C.*, 761 F. Supp. 3d 481 (E.D.N.Y. 2024).

Courts have historically applied two methods to analyze the reasonableness of attorney's fees in FLSA cases: (i) the lodestar method, and (ii) the percentage-of-recovery method. "Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a presumptively reasonable fee." *Millea*, 658 F.3d at 166 (internal quotations omitted). The Second Circuit has instructed that the second method — a percentage-of-recovery or proportionality analysis – "may be relevant" only "in some cases." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (emphasis added). Furthermore, the Court must consider the "degree of success obtained" as "the most critical factor in determining the reasonableness of a fee award." *Fisher*, 948 F.3d at 606 (internal quotations omitted).

## I.    The Lodestar Method

### A.    Reasonable Hourly Rate

A reasonable hourly rate is the first of two figures required to calculate the appropriate lodestar figure. "[C]onsiderations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate used to calculate the lodestar initially." *Millea*, 658 F.3d at 168 (internal quotations omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line

3

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted).

**B.    Reasonable Hours**

A reasonable number of hours worked is the second of two figures required to calculate the appropriate lodestar figure. "In determining how much attorney time should be compensated, the court initially looks to the amount of time spent on each category of tasks, as reflected in contemporaneous time records." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). "In calculating reasonable hours, the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case." *Id.* "If the court finds that some of the time spent was not reasonably necessary to the outcome, it should reduce the time for which compensation is awarded." *Id.* "In reducing a claim for time spent, the court may use a percentage deduction as a practical means of trimming fat from a fee application." *Id.* at 30 (internal quotations omitted).

4

## II.   Limitations on Lodestar Adjustments

"A district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotations omitted).  As discussed below, however, the Second Circuit in *Millea* curtailed the discretion of judges to make adjustments after the appropriate, presumptively reasonable lodestar figure is calculated.

After the appropriate lodestar figure is calculated, "[a] district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee," but "such adjustments are appropriate only in rare circumstances, because the lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Id.* (citation modified).  *Millea* identified several impermissible lodestar adjustments that courts must be careful to avoid.  Specifically, courts generally may <u>not</u> adjust the lodestar based on: (1) "the novelty and complexity of a case ... because they are already included in the lodestar calculation itself, being fully reflected in the number of billable hours recorded by counsel"; (2) the "public policy significance" of claims in a case; (3) time "spent on claims wholly ineligible for fee-shifting"; (4) a finding that the plaintiff's success on a nonfrivolous claim was *de minimis*;

5

(5) "the quality of an attorney's performance" "because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate used to calculate the lodestar initially." *Id.* at 167-68 (internal quotations omitted). Instead of adjusting the lodestar amount after it is calculated, the Second Circuit instructs that generally "such adjustments should be made when calculating the original lodestar figure." *Id.* at 168.

## DISCUSSION

Plaintiff's counsel seeks $43,385 in fees and $2,356.85 in costs. (ECF No. 61 at 2.) Each is analyzed in turn.

### I.  Attorney's Fees

The amount of fees Plaintiff's counsel seeks significantly exceeds Plaintiff's recovery of $30,818 and would constitute approximately 58.46% of the total recovery, exclusive of costs. This disproportionality, however, is not a standalone basis to reduce fees. Given that "the reasonableness of the fees does not turn on any explicit percentage cap," and "a fee may not be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation,"[5] the Court will follow the

---

[5] For example, in *Fisher*, the Second Circuit held that attorney's fees and costs of 92% of total recovery ($23,000 out of a total recovery of $25,000) was not *per se* unreasonable. *See Fisher*, 948 F.3d at 606 ("While the original proposed split of $23,000 to LLG and $2,000 to Fisher understandably gave the district court pause, the reasonableness of the fees does not turn on any explicit percentage cap.")

presumptively reasonable lodestar figure. *Fisher*, 948 F.3d at 604, 606.

### A.    Reasonable Hourly Rates

"[T]he burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Courts in the Eastern District of New York have recently awarded hourly rates from $70 to $100 for legal support, $100 to $200 for junior associates, $200 to $325 for senior associates, and $300 to $450 for partners in FLSA cases." *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 432 (E.D.N.Y. 2025) (internal quotations omitted). Given that Plaintiff's counsel concedes that "Plaintiff recovered approximately 15% of the damages sought," (ECF No. 65 at 4), Plaintiff's limited degree of success supports an hourly rate at the low end of the typical range for employment law attorneys in this district.[6]

Accounting for the prevailing rates in this district as described in *Rodriguez* and Plaintiff's limited success in this

---

[6] Moreover, the conduct of Plaintiff's counsel was suboptimal and supports lower hourly rates. For example, on June 14, 2024, the Court needed to warn Plaintiff's counsel of the possibility of monetary sanctions for "additional violations of court orders." *See* June 14, 2024 Docket Order ("Plaintiff's counsel is warned that additional violations of court orders may result in monetary sanctions.")

7

action, the Court adjusts the hourly rate for Plaintiff's counsel as follows: The hourly rate for Roman Avshalumov, Esq., a senior managing attorney with 15 years of experience, (*see* ECF No. 61-2 at 11), is reduced from $500 to $300.  The hourly rate for James O'Donnell, Esq., a managing attorney with nine years of experience, (*see* ECF No. 61-2 at 2), is reduced from $400 to $300.  The hourly rate for Katelyn Schillaci, Esq., a junior associate with two years of experience, (*see* ECF No. 61-2 at 5), is reduced from $250 to $100.  The hourly rate for Avraham Scher, Esq., a junior associate no longer employed at the firm representing Plaintiff, (ECF No. 61-4), is reduced from $175 to $100.  The hourly rate for Zubair Tahir, Esq., a junior associate no longer employed at the firm representing Plaintiff, (*id.*), is reduced from $175 to $100.  The hourly rate for paralegals is reduced from $100 to $70.

**B.    Reasonable Hours**

Upon reviewing the billing entries provided by Plaintiff's counsel, (ECF No. 61-1), the Court identifies a number of duplicate entries in which two attorneys participated in meetings and tasks that likely required the services of only one attorney.  For example, Mr. Avshalumov's June 1, 2023 billing entry is identical to Mr. O'Donnell's billing entry.  Each billed 1.8 hours with the following entry: "Meet w/ client, review / edit / finalize complaint, file complaint / summons / cover sheet, NOA."  (ECF No. 61-1 at 1.)  In another example, three different attorneys billed

8

for 30 minutes to review a two-page offer of judgment.  (ECF No. 61-1 at 3.)  Throughout the billing records, the Court identifies numerous examples of identical entries for work that appears duplicative and redundant.  (*See* ECF No. 61-1.)

This Court joins other courts in finding that "[i]n lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, as a practical means of trimming fat from a fee application."  *Lee v. Mani & Pedi Inc.*, No. 20-cv-10787 (JCM), 2022 WL 3645118, at *13 (S.D.N.Y. Aug. 24, 2022) (collecting cases) (internal quotations omitted).  "To determine the percentage deduction, a district court need not serve as a green-eyeshade accountant, but may take into account its overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-cv-5633 (ARR) (JO), 2020 WL 4783399, at *7 (E.D.N.Y. Aug. 18, 2020) (citation modified).  Moreover, the affirmation of Defendants' counsel, Terry Heidecker, Esq., identifies numerous instances of Plaintiff's attorneys' conduct that prolonged the litigation. (ECF No. 62 ¶¶ 17-25.)  For example, Plaintiff's counsel requested repeated opportunities to file an amended and second amended complaint but failed to delete unviable FLSA and NYLL claims.  (*Id.* ¶¶ 12, 16, 19, 24.)  The repeated issues and delays in Plaintiff's filings resulted in the Court warning Plaintiff's counsel "that

additional violations of court orders may result in monetary sanctions." *See* June 14, 2024 Docket Order.

Balancing the Plaintiff's ultimately successful recovery against numerous examples of duplicative work by Plaintiff's attorneys, the Court reduces the total hours billed by 20% "as a practical means of trimming fat." *Lee*, 2022 WL 3645118, at *13. Applying the aforementioned calculations for reasonable hourly rates and reasonable hours expended results in a reasonable lodestar figure of $17,669.60 for attorney's fees:

| Timekeeper | Reasonable Hourly Rate | Reasonable Hours Expended (after 20% reduction) | Total |
|---|---|---|---|
| Roman Avshalumov | $300 | 35.92 | $10,776 |
| James O'Donnell | $300 | 6.56 | $1,968 |
| Katelyn Schillaci | $100 | 11.12 | $1,112 |
| Avraham Scher | $100 | 28.24 | $2,824 |
| Zubair Tahir | $100 | 1.44 | $144 |
| Paralegals | $70 | 12.08 | $845.60 |
| | | *Lodestar* | $17,669.60 |

## II. Costs

The costs submitted by Plaintiff's counsel, totaling $2,356.85, are appropriate and consist of expected costs such as

10

filing fees, costs of attempted service, and transcript fees.[7]
(ECF No. 61-1 at 3.)

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's counsel fees in the amount of $17,669.60 and costs in the amount of $2,356.85.

**So ordered.**

Dated:     February 10, 2026
           Brooklyn, New York        _____
                                     **Kiyo A. Matsumoto**
                                     United States District Judge
                                     Eastern District of New York

---

[7] Defendants' opposition brief, (ECF No. 63), advances no specific argument against the award of requested costs.

11